UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| LARRY O. WHITE, JR., | : | Case No. 2:25-cv-1202 |
| Plaintiff, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND REPORT & RECOMMENDATION

Plaintiff Larry O. White, Jr., a state prisoner currently incarcerated at Ross Correctional Institution, and proceeding without the assistance of counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1-3, PageID 73 (Civil Cover Sheet); Doc. 6-1, PageID 100-05 (Amended Complaint)).  The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order 22-05.

Plaintiff filed an Original Complaint that was over 50 pages long (Doc. 1-1, PageID 6-63), naming 25 individuals as defendants (Doc. 1-2, PageID 64-72).  The Court ordered Plaintiff to file an Amended Complaint that complies with Rule 8(a) and Rule 20(a)(2) of the Federal Rules of Civil Procedure and this District's Local Rule 5.1.  (Doc. 4).

On December 3, 2025, Plaintiff filed an Amended Complaint against Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith, Lebanon Correctional Institution (LeCI) Deputy Warden Hogan, LeCI Unit Manager Johnson, and LeCI Lieutenant/Captain Edwards.  (Doc. 6-1, PageID 100-05).  The filing of an Amended Complaint "supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*,

731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. LinkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)). Accordingly, Plaintiff's Amended Complaint (Doc. 6-1) is now the operative complaint. By separate Order, Plaintiff was granted leave to proceed *in forma pauperis*.

This matter is now before the Undersigned for an initial screening of the Amended Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Undersigned concludes that Plaintiff's First Amendment retaliation claims and access to the courts claims against Defendants Hogan, Johnson, and Edwards may **PROCEED** for further development. The Undersigned **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED** and that the remaining individuals, including Defendant Chambers-Smith, be **DISMISSED** as defendants in this action.

I.  **INITIAL SCREENING STANDARD**

Because Plaintiff is a prisoner who is seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen the Amended Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are "delusional" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citations omitted); *Lawler*, 898 F.2d at 1199. The

2

Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 327-28).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 (finding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

3

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiff alleges that while he was incarcerated at LeCI, on April 1, 2024, Defendants Hogan, Johnson, and Edwards forced Plaintiff out of the "relative safety" of Restrictive Housing (RH) and placed him in Limited Privilege Housing (LPH) as retaliation after they learned about Plaintiff's other pending civil complaint. (Amended Complaint, Doc. 6-1, PageID 104). Plaintiff alleges that Edwards threatened to use "OC/mace" spray on him if he did not follow orders. (*Id.*). Plaintiff also alleges that Hogan and Johnson ordered and oversaw these actions. (*Id.*).

Plaintiff further alleges that while housed in LPH, where he should have received more privileges, he instead received less privileges than in RH, including having his GTL tablet taken away and having no access to the grievance and kite systems, nor to Lexis Nexis. (*Id.*). Plaintiff alleges that during his first 30 days in LPH he was "denied access to the Shared Tablet System, phones, Library and Law library, and also commissary." (*Id.*). These restrictions, he alleges, took away his means to file civil complaints. (*Id.* at PageID 102). Plaintiff alleges that Hogan and Johnson told him that he would have a "rough time" as long as Plaintiff was housed at LeCI and alleges that they told him to "stop pursuing a 'no-win'/'frivolous[]' civil complaint." (*Id.* at PageID 104). Plaintiff alleges these actions were retaliation for filing a civil complaint. (*Id.*).

Plaintiff seeks monetary and injunctive relief. (*Id.* at PageID 105).

## III. DISCUSSION

The Undersigned understands Plaintiff to be raising the following claims:

1. First Amendment retaliation claims against Defendants Hogan, Johnson, and Edwards for allegedly taking adverse action against Plaintiff after he filed a civil complaint; and

4

2. First Amendment access to the courts claims against Defendants Hogan, Johnson, and Edwards for allegedly prohibiting Plaintiff's right to file civil complaints.

At this stage in the proceedings, and without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's First Amendment retaliation and access to the courts claims against Defendants Hogan, Johnson, and Edwards may **PROCEED** for further development. The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims being allowed to proceed at this juncture, nor has the Court considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Plaintiff's remaining claims, however, should be **DISMISSED** for the failure to state a claim upon which relief may be granted, as explained in further detail below.

### A. Official Capacity Claims for Monetary Damages

Any official capacity claims for monetary damages should be dismissed as barred by the Eleventh Amendment of the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993) (citations omitted). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citations omitted); *Johns v. Sup. Ct. of Ohio*, 753 F.2d 524, 526-27 (6th Cir. 1985).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for recovery of money from the state. *Edelman v. Jordan*, 415

U.S. 651, 663 (1974) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). And a suit against defendants in their official capacities would be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." (internal quotation marks omitted)). Thus, actions against state officials in their official capacities are included in this bar. *Maben*, 887 F.3d at 270; *Smith*, 476 F. Supp. 3d at 650-52; *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.").

Plaintiff indicates he is suing Defendants Hogan, Johnson, and Edwards in their individual and official capacities; and Plaintiff seeks monetary and injunctive relief. (Doc. 6-1, PageID 100, 105). Plaintiff's official capacity claims are therefore considered claims against the State of Ohio and any claims for monetary damages against Hogan, Johnson, and Edwards in their official capacities should be **DISMISSED**. *Smith*, 476 F. Supp. 3d at 650-51; *Colvin*, 605 F.3d at 289; *Maben*, 887 F.3d at 270.

### B. Claims Against Defendant Chambers-Smith

Plaintiff also fails to state a claim upon which relief may be granted against Defendant Chambers-Smith. As noted above, a plaintiff must allege a short and plain statement against each defendant with sufficient factual details to state a plausible claim for relief. Fed. R. Civ. Pro. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). Plaintiff names Chambers-Smith as a Defendant but then fails to allege any facts against her. (*See generally* Amended Complaint, Doc. 6-1). Because Plaintiff has not stated a plausible claim for relief against her, the Undersigned **RECOMMENDS** that Chambers-Smith be **DISMISSED** as a defendant in this action.

IV.     **SERVICE DOCUMENTS AND CONCLUSION**

The Undersigned determines that Plaintiff, in an abundance of caution, may **PROCEED** at this juncture on his First Amendment retaliation claims and access to the courts claims against Defendants Hogan, Johnson, and Edwards for allegedly taking adverse action against Plaintiff for filing a civil complaint and denying him access to file future complaints. But Plaintiff has not yet provided the required service documents for these Defendants. Plaintiff is therefore **ORDERED** to provide a completed summons form, a completed U.S. Marshal form, and a service copy of the Amended Complaint (Doc. 6-1) for each of these three Defendants—Hogan, Johnson, and Edwards. Plaintiff must submit these documents **WITHIN 30 days** of the date of this Order with a motion to issue service. The Clerk of Court is **DIRECTED** to send Plaintiff three blank copies of the summons form and the U.S. Marshal form for his use.

Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, or which fails to include a certificate of service, will be disregarded by the Court.

7

Plaintiff must also keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

Additionally, the Undersigned **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED**, including the following:

1. Official capacity claims for monetary damages against Defendants Hogan, Johnson, and Edwards; and

2. Any claims against Defendant Chambers-Smith for the failure to state a claim upon which relief may be granted.

Because Plaintiff has failed to state a plausible claim against Defendant Chambers-Smith, the Undersigned **RECOMMENDS** that Chambers-Smith be **DISMISSED** as a defendant.

The Undersigned further **RECOMMENDS** that Defendants LeCI Warden (Unknown), LeCI Deputy Warden Amber Stanley, LeCI Chaplain and Institutional Inspector Tad Palmer, LeCI Warden Administrative Assistant (Unknown), LeCI Chaplain Robert Smith, LeCI Mailroom Supervisor (Unknown), LeCI Sargeant Turner, LeCI Case Manager (Unknown), LeCI Sargeant Gibson, LeCI Correctional Officer (CO) Koontz, LeCI Lieutenant S. Michael, LeCI CO Pittman, LeCI CO Copley, LeCI 2nd Shift Rover B, LeCI CO Alexander, LeCI CO Hickman, LeCI Investigator Tabor, LeCI CO Whiteside, Ohio State Trooper Investigator (Unknown), and Attorney Mindy Worly (*see* Doc. 1-2, PageID 64), who are no longer named as defendants in Plaintiff's Amended Complaint (Doc. 6-1), be **DISMISSED** from this case. *See Intelli Shop Inc. v. FedEx Corp.*, No. 4:24-cv-00074, 2024 WL 2331858, at *3 (S.D. Tex. May 3, 2024), *report and recommendation adopted*, No. 4:24-cv-00074, 2024 WL 2332936 (S.D. Tex. May 20, 2024).

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED AND RECOMMENDED.**

**Date: 1/7/2026**

*s/Stephanie K. Bowman*
**STEPHANIE K. BOWMAN**
**United States Chief Magistrate Judge**